JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2003

FILED
CLERK'S OFFICE

MDL 1519

*RELEASED FOR PUBLICATION*

DOCKET NO. 1519

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE THE PROGRESSIVE CORPORATION INSURANCE UNDERWRITING & RATING PRACTICES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*




*TRANSFER ORDER*

This litigation currently consists of four actions pending, respectively, in the Northern District of Florida, the Western District of Louisiana, the District of Oregon, and the Northern District of Texas, as listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by The Progressive Corporation and its related entities (collectively Progressive),[1] which are variously named as defendants in these actions, for coordinated or consolidated pretrial proceedings of the four actions in the Northern District of Florida. Plaintiffs in the Northern District of Florida action do not oppose the motion; however, plaintiffs in the other three actions oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege that Progressive violated the notification and disclosure requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in its use of consumer reports for the qualification, underwriting and rate-setting processes for certain policies of insurance. Plaintiffs also seek to represent overlapping classes of persons aggrieved by these alleged practices. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The related entities are Progressive American Insurance Company, Progressive Casualty Insurance Company, Progressive Consumers Insurance Company, Progressive Express Insurance Company, and Progressive Southeastern Insurance Company.

**OFFICIAL FILE COPY**

IMAGED APR 15 '03



- 2 -

The Northern District of Florida stands out as an appropriate transferee forum for this litigation. We note that the judge assigned to the constituent action in this district has been presiding over the action there for over two years and has a caseload favorable to receiving the assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Florida are transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable Maurice M. Paul for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1519 -- In re The Progressive Corporation Insurance Underwriting & Rating Practices Litigation

### Northern District of Florida

*Cathryn Smith, et al. v. Progressive Corp., et al.*, C.A. No. 1:00-210

### Western District of Louisiana

*Paul K. Cooley v. Progressive Insurance Co., et al.*, C.A. No. 5:02-2384

### District of Oregon

*Sharele Dikeman, et al. v. Progressive Corp.*, C.A. No. 3:01-1465

### Northern District of Texas

*Timothy James Carlson v. Progressive Insurance Co.*, C.A. No. 3:02-2552